# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **GREAT SOUTHLAND LIMITED,** | : | |
| Plaintiff, | : | Case No.: 2:17-CV-00719 |
| v. | : | Judge Sarah D. Morrison |
| **LANDASH CORPORATION,** *et al.* | : | Magistrate Judge Jolson |
| Defendants. | : | |

## OPINION AND ORDER

This cause is related to *Abington Emerson Capital, LLC v. Jason Adkins, et al.*, 17cv-143 ("Abington") and *Kirby Developments, LLC v. XPO Global Forwarding, Inc., et al.*, 18cv-500 ("Kirby"). Each case involves allegations of fraud relating to the sale of off-the-road mining tires.

The Court previously stayed *Abington* first in part, and then in whole, due to various bankruptcy filings of the *Abington* Defendants. (17cv-143 ECF Nos. 65, 79, 144.) Specifically, the Court's June 1, 2018 Order stayed the case in its entirety until the bankruptcies of Defendants Jason Adkins and Landash Corporation were resolved. *Id*. at ECF No. 144 at 6-7. However, the Court subsequently lifted the stay when an amended complaint served to remove Landash as a party and Adkins' bankruptcy proceeding was terminated without discharge. *Id*. at ECF No. 159. In so holding, the Court noted that each day the case remained stayed served to prejudice Abington, as Abington's chances of recovery lessened with the continued advancement of related cases and Abington's difficulties with discovery increased with the likely destruction of documents. *Id*. at 7.

*Kirby* followed a modified path. That is, when faced with a motion to stay the case in its entirety due to the bankruptcies of some defendants, the Court stayed the action only as to Kirby's claims relating to the tires' ownership because the tires remained the property of the Landash's

bankruptcy estate. (18cv-500 ECF No. 47 at 6.) The Court stayed the case as to Kirby's claims for negligent bailment (Count IX), conversion (Count X) and breach of contract (only paragraph 132 of Count VII). *Id*. at 7-8. In this regard, the Court held "piecemeal litigation" concerns were outweighed by the prejudice Kirby would suffer should a blanket stay be issued. *Id*. at 13. The bankruptcy stay remained in effect as to Defendants Eckerd and Mid America Tire of Hillsboro. *Id*. at 14.

On June 27, 2018, the Court stayed the entirety of the present matter due to the bankruptcy filings of Great Southern Defendants Landash and Adkins, which were "the same reasons that a full stay was warranted in *Abington* . . ." (17cv-719 ECF No. 90 at 3.)

Great Southern now seeks to lift that stay as to Defendants Adkins, Afif Baltagi, XPO Logistics, Inc., Rebekah Adkins, Production Tire Co., Fox, Byrd & Co., and Knight Nguyen Investments for two main reasons. First, because Adkins' bankruptcy is terminated. Second, because the stays in the related cases have been lifted. *Great Southern* Defendant XPO Logistics, Inc. first opposes by noting that not all bankruptcy matters have been terminated and then by implicitly arguing that Great Southern has waived its right to seek a stay lift by waiting eight months to seek the present relief.

The Court concurs with Great Southern that lifting the stay in this case as to all non-bankrupt parties, including Adkins, is proper and necessary to remove the prejudice imposed upon Great Southern by the continued stay. As Great Southern correctly notes, the stays in *Abington* and *Kirby* have been lifted either in full or in part as the bankruptcy code permits. Because of that, keeping the instant stay in place would only serve to promote, not reduce, piecemeal litigation and prejudice. Furthermore, XPO provides no authority for the proposition that Great Southern lost its ability to pursue a stay lift simply based on the timing of Great Southern's motion seeking that relief.

In sum, "[e]very day this action remains stayed, the prejudice to the Plaintiff increases." (17cv-143 ECF No. 159 at 7.) Due to that prejudice, the changed circumstances, and the Court's inherent ability to control its docket, Great Southland's Motion to Set Aside Stay is hereby **GRANTED** (ECF No. 94), and the stay over this action is **LIFTED** as it pertains to the following non-bankrupt parties: Adkins, Afif Baltagi, XPO Logistics, Inc., Rebekah Adkins, Production Tire Co., Fox, Byrd & Co., and Knight Nguyen Investments as set forth in the Motion. The case remains **STAYED** as to Defendants Landash, Mid America Tire of Hillsboro and Christopher Knight Lopez[1] due to their bankruptcy filings. Counsel shall promptly notify the Court when the bankruptcy stays of those parties are lifted by the bankruptcy court.

Lastly, the parties are **ORDERED** to schedule a status conference with Magistrate Judge Jolson within fourteen (14) days of this Opinion & Order to discuss whether pleading amendments are necessary[2] and to establish a case schedule. The parties shall also jointly advise the Magistrate at that conference whether ECF Nos. 29, 42, 50 and 86 need rulings, need to be amended, or will be withdrawn.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

---

[1] No order staying the case as to Mr. Knight Lopez appears on the docket. As such, pursuant to Mr. Knight Lopez's Notice of Bankruptcy, ECF No. 93, the Court hereby **STAYS** this action against him under 11 U.S.C. § 362(a).

[2] This includes, but is not limited to, Great Southland's June 11, 2018 Motion for Leave to Amend its Complaint (ECF No. 86).