IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GREAT SOUTHLAND LIMITED,** | : |
| Plaintiff, | Case No.: 2:17-CV-719 |
| v. | Judge Sarah D. Morrison |
| **LANDASH CORPORATION,** *et al.* | Magistrate Judge Jolson |
| Defendants. | : |

**OPINION AND ORDER**

This case involves allegations of fraud relating to the sale of off-the-road mining tires. A number of motions are now ripe after the January 28, 2020 stay lift (ECF No. 105) and after the parties conferred with Magistrate Jolson. (ECF Nos. 109, 111, 124.) A brief recitation of the procedural background is necessary to give each motion context.

**I.**

The Memorandum of the First Pretrial Conference (ECF No. 66) summarizes the original Complaint (ECF No. 1) as follows:

> This case originates from a loan transaction between Plaintiff and [Defendant] Landash, which was guaranteed by [Defendant] Adkins and secured by collateral consisting of thirty-six (36) large, off-the-road tires. [Defendants] Fox Byrd, Knight Nguyen and Lopez prepared certain financial documents, which were allegedly relied upon by Plaintiff in entering into the loan transaction. The loan was predicated upon a tire transaction that Landash and Adkins had allegedly arranged with [Defendant] Best One, the seller of the tires, and [Defendant] Production Tire, the buyer. The tires were to be shipped to [Defendant] XPO Logistics['] facility in Houston, Texas. In March 2016, Plaintiff wired $2,400,000 to Best One for the purchase of the tires. However, the transaction with Production Tire was never consummated resulting in Landash and Adkins defaulting on the loan.

1

> Plaintiff has alleged that Landash is in breach of the loan agreement (Count I), that Adkins is in breach of the Guarantee (Count II), and that Plaintiff is entitled to foreclose on the collateral (Count III). Plaintiff has brought causes of action against the Defendants for Fraud (Count IV), Civil Conspiracy (Count V), RICO (Count VI), Intentional Misrepresentation (Count IX), and Negligent Misrepresentation (Count X). Plaintiff has brought a breach of contract action against XPO (Count VII). Plaintiff has brought a negligence case against Fox Byrd, Knight Nguyen, and Lopez (Count VIII). Plaintiff seeks to pierce the veil (Count XI) of Adkins' and Rebekah Adkins' companies, which include Defendants Giant Tyres USA, Midwest Coal, A&B Retreading, Adkins Tire, Elephant OTR, Rebekah Holding, Investment Holdings, and 885 Sternberger Road. Finally, Plaintiff has brought a cause of action to potentially request pre-judgment attachment or receivership (Count XII).

Defendants A&B Retreading, LLC, Jason E. Adkins, Rebekah Adkins, Adkins Tire, LLC, Elephant OTR, LLC, Giant Tyres USA, LLC, Landash Corporation, Midwest Coal, LLC, Rebekah Holding, LLC, Knight Nguyen Investments and Christopher Knight Lopez all moved to dismiss (ECF Nos. 29, 50). Defendant Fox, Byrd & Company, P.C, an accounting firm that had completed tax returns for the Adkins Defendants, likewise sought dismissal. (ECF No. 42).

A number of bankruptcy filings initially resulted in all discovery being stayed (ECF No. 66, 81). GSL then sought leave to amend its original Complaint (ECF No. 86). Shortly thereafter, the Court stayed the entire case due to additional bankruptcy notices. (ECF No. 90.) That order further held all pending motions in abeyance pending a stay lift. *Id.*

The stay was lifted in January 2020. (ECF No. 105.) The stay lift order required the parties to confer and inform the Court which of the pending motions "need rulings, need to be amended, or will be withdrawn." *Id.* at 3. In response, GSL withdrew its original Motion to Amend (ECF Nos. 86, 109), filed a new Motion to Amend (ECF No. 119) and filed a Motion to Dismiss its Claims against Fox without prejudice (ECF No. 120). The Court addresses the new Motion to Amend first.

**II**.

GSL seeks leave to amend its original Complaint pursuant to Fed. R. Civ. P. 15(a)(2). (ECF No. 119). That rule provides "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Although there is no documented opposition to the motion, GSL's filing establishes complete consent is lacking. (ECF No. 119 at 1, 4-5.) Hence, Court approval is required for GSL to amend.

GSL seeks leave due to "substantial additional evidence pertaining to the claims against" the non-bankrupt parties. (ECF No. 119 at 3.) GSL argues that justice requires leave be granted to afford GSL "the opportunity to set forth the full extent of the allegations of fraudulent conduct, consistent with Fed. R. Civ. P. 9(B), against the Defendants herein and the additional co-conspirators who have been since [sic] identified." *Id*. at 4. To accomplish this, the 289-page proposed amended complaint adds new claims and parties but removes all claims against Fox. GSL argues amendment will prejudice no party because this case "has effectively only just begun." *Id*.

"Trial courts enjoy broad discretion in deciding motions for leave to amend." *Johnson v. Kroger Co.*, No. 2:18-cv-1240, 2020 U.S. Dist. LEXIS 45825, at *2 (S.D. Ohio Mar. 17, 2020) (citing *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990)). Rule 15(a)(2) encompasses a liberal policy in favor of granting amendments and "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this rule, "[i]t should be emphasized that the case law in

this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640-41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court finds no undue delay, bad faith, dilatory motive, previous amendment or futility present here. But the undue prejudice aspect of the analysis deserves attention. That is due to GSL's concurrent Motion to Dismiss its claims against Fox without prejudice under Fed. R. Civ. P. 41(a)(2). (ECF No. 120.) Fox opposes, citing to its own fully briefed Motion to Dismiss the Original Complaint (ECF No. 42) and to the possibility of GSL reasserting the claims in the future to argue that any dismissal should be with prejudice. (ECF No. 123.) Alternatively, Fox seeks its attorney's fees and costs in defending this action if the Court dismisses the counts without prejudice. GSL's Reply reiterates its request for dismissal to be without prejudice and provides that it withdraws its motion if the Court is considering a with prejudice dismissal. (ECF No. 126.)

As noted, GSL's proposed Amended Complaint contains no claims against Fox. Accordingly, Fed. Rs. Civ. P. 15(a)(2) and 41(a)(2) intersect in this instance. "A request to withdraw an existing count of a complaint as part of a motion to amend overlaps conceptually with the provisions of Rule 41(a)(2), which requires the permission of the court, or a stipulation, to dismiss a complaint after an answer to the complaint has been filed." *Greene v. Ab Coaster*

*Holdings, Inc.*, No. 2:10-cv-38, 2012 U.S. Dist. LEXIS 85278, at *18-20 (S.D. Ohio June 20, 2012). As one court explains:

> The discretion to allow a party to withdraw a count in a complaint as part of a motion to amend appears to have similar limits to the discretion of the court to reach the same conclusion under Rule 41. Rule 41 does include the discretion to dismiss a matter with prejudice and that is not an insignificant difference.

*Innovation Ventures, LLC v. N2G Distributing, Inc.*, 2009 U.S. Dist. LEXIS 132009, 2009 WL 6040220, *2 (E.D. Mich. July 10, 2009); *see also Chambers v. Time Warner, Inc.*, 2003 U.S. Dist. LEXIS 3652, 2003 WL 1107790, at *2 (S.D.N.Y. March 12, 2003) ("[A] Rule 15(a) amendment eliminating a claim is the same as a Rule 41(a) voluntary dismissal of the claim" and is subject to the same standard of review); 6 Charles Alan Wright *et al.*, Federal Practice and Procedure § 1479 (2012) ("[T]he same considerations are relevant to dropping [a] claim regardless of which rule [41(a) or 15(a)] is invoked.").

According to Fed. R. Civ. P. 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." The court has discretion when deciding whether to grant dismissal under the rule. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. Ohio September 8, 1994). That discretion permits the Court to deny the motion, require that a dismissal be with prejudice, or impose any other necessary conditions. *Wellfount Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 774 (6th Cir. 2020). Those conditions "offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009). And, while they include the payment of costs incurred by

5

a defendant, the Sixth Circuit "has expressly rejected the contention that the payment of defense costs is universally required for voluntary dismissal under Rule 41(a)(2)." *Id.*

"Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citation omitted). In determining whether such prejudice would result, courts typically consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

The Court determines that Fox would suffer neither plain legal nor undue prejudice as a result of amendment or dismissal of GSL's claims against it without prejudice. No trial preparation has taken place, no claims of delay or failure to prosecute are present and no motion for summary judgment has been filed. GSL's reason for seeking amendment is discussed above and is sufficient. Fox's fears of a re-file are inadequate to warrant a dismissal with prejudice under *Bridgeport*. *See also Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (holding the "mere prospect of a second lawsuit" is insufficient to warrant a dismissal with prejudice).

Finding no prejudice, and given the liberal policy favoring amendment, the Court **GRANTS** GSL's Motion to Amend (ECF No. 119) and **GRANTS** GSL's Motion to Dismiss (ECF No. 120.) Because GSL will be amending its Complaint, the remaining motions to dismiss (ECF Nos. 29, 42, 50) are **MOOT**.

## III.

In summary, GSL withdrew its June 11, 2018 Motion to Amend (ECF No. 86.) The Court **GRANTS** GSL's March 12, 2020 Motion to Amend (ECF No. 119.)  The March 12, 2020 Motion to Dismiss of GSL is **GRANTED**. (ECF No. 120) The defendants' Motions to Dismiss (ECF Nos. 29, 42, 50) are **MOOT**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**