**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GREAT SOUTHLAND LIMITED,**

    **Plaintiff,**

    v.                                         **Civil Action 2:17-cv-719
Judge Sarah D. Morrison
Magistrate Judge Jolson**

**LANDASH CORPORATION, et al.,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

On February 11, 2020, the Court directed Defendants Giant Tyres USA, LLC; Midwest Coal, LLC; A&B Retreading, LLC; Adkins Tire, LLC; Elephant OTR, LLC; Rebekah Holding; and Knight Nguyen Investments to obtain counsel, noting that corporations may appear in federal court only if represented by licensed counsel. (Doc. 112 at 1–2). Further, because Great Southland Limited, XPO Logistics, Inc., and Fox, Byrd & Company, P.C., represented that Defendants Jason Adkins and Rebekah Adkins have been unresponsive to their requests to meet and confer, the Court ordered Jason and Rebekah Adkins to show cause within 30 days for failing to comply with the Court's meet and confer directive. (*Id*. at 2).

Defendants failed to respond to the show cause order. So, on April 6, 2020, the Undersigned afforded them one more opportunity to show cause within thirty (30) days, warning that failure to do so would result in a recommendation that they be found in default. (Doc. 128). That deadline has passed, and again, none of the above-named Defendants have responded to the

Court's show cause order. Further, the order was returned as undeliverable as to Defendants Midwest Coal, LLC and Knight Nguyen Investments.

The corporate Defendants, Giant Tyres USA, LLC; Midwest Coal, LLC; A&B Retreading, LLC; Adkins Tire, LLC; Elephant OTR, LLC; Rebekah Holding; and Knight Nguyen Investments, remain unrepresented in this case. As already explained, "[t]he law is well-settled that a corporation may appear in federal courts only through licensed counsel and not through the pro se representation of an officer, agent, or shareholder." *Nat'l Labor Relations Bd. v. Consol. Food Servs., Inc.*, 81 F. App'x 13, 15 (6th Cir. 2003). "This rule also applies to limited liability corporations." *Barrette Outdoor Living, Inc. v. Mich. Resin Reps.*, LLC, No. 11-13335, 2013 WL 1799858, at *8 (E.D. Mich. Apr. 5, 2013), *report and recommendation adopted sub nom. Barrette Outdoor Living v. Mich. Resin Reps., LLC*, No. 11-13335, 2013 WL 1800356 (E.D. Mich. Apr. 29, 2013) (citations omitted).

Though the Undersigned has considered sanctions short of default, because these Defendants cannot appear as a *pro se* entities, and moreover, have been given multiple opportunities to secure counsel, "a less drastic remedy does not appear appropriate." *Id*. (recommending that LLC defendant be found in default for failing to secure counsel). As for Defendants Jason Adkins and Rebekah Adkins, the Court finds that their failure to participate in this case, despite multiple warnings, "evidences willfulness sufficient to warrant the sanction of default judgment." *Davis v. Ivy*, No. 11-CV-10803, 2013 WL 1505431, at *3 (E.D. Mich. Apr. 12, 2013).

Accordingly, it is **RECOMMENDED** that default judgment be entered against Defendants Giant Tyres USA, LLC; Midwest Coal, LLC; A&B Retreading, LLC; Adkins Tire,

LLC; Elephant OTR, LLC; Rebekah Holding; Knight Nguyen Investments; Jason Adkins; and Rebekah Adkins in an amount to be determined by the District Court upon further submissions.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  June 24, 2020                                                    /s/ Kimberly A. Jolson
                                                                        KIMBERLY A. JOLSON
                                                                        UNITED STATES MAGISTRATE JUDGE