UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREAT SOUTHLAND LIMITED,

          **Plaintiff,**      Case No.: 2:17-cv-719

     vs.                           Judge Sarah D. Morrison

LANDASH CORPORATION, *et al.*,    Magistrate Judge Kimberly A. Jolson

          **Defendants.**

## OPINION & ORDER

The Court's January 28, 2022 Opinion and Order addressed various motions *in limine* of Defendants XPO Logistics, Inc. and XPO Global Forwarding, Inc. (ECF No. 257.) The Order pertinently held: (1) GSL cannot present evidence and testimony for an unplead negligent hiring, supervision, and retention claim; (2) GSL cannot present evidence and testimony for an unplead RICO conspiracy claim under 18 U.S.C. § 1962(d); and (3) GSL cannot present evidence and testimony for interest damages from the Landash loan that it failed to properly substantiate. (ECF No. 257.) Accordingly, the Order precluded evidence and testimony as to those three categories from being presented at trial.

Feigning confusion, GSL now seeks "clarification" as to the effect of the Order. (ECF No. 261.) None is needed. The *in limine* Order clearly directs that it is "'no more than a preliminary, or advisory, opinion." *Id.* at PageID 4815 (quoting *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994)). Accordingly, the Court will "'entertain objections on individual proffers of evidence as they arise at trial,

even though the proffered evidence falls within the scope of a . . . motion *in limine*.'" *Id.* (quoting *United States v. Kistner*, No. 2:11-cr-00283, 2013 U.S. Dist. LEXIS 2129, at *4-5 (S.D. Ohio Jan. 7, 2013) (Frost, J.)).

Alternatively, GSL seeks certification of the Order under 28 U.S.C. § 1292(b) to permit interlocutory appeal. (ECF No. 261.) Certification is reserved for exceptional cases and requires GSL to prove that the Order raises a controlling issue of law, that the substantial grounds for difference of opinion exist about the correctness of the Order, and that an interlocutory appeal would materially advance termination of the litigation. *Alexander v. Provident Life & Accident Ins. Co.*, 663 F. Supp. 2d 627, 639 (E.D. Tenn. 2009) (the "party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal"); *see also In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (setting fourth the three factors). "If any of these factors is absent, the certification cannot issue." *Emples. Ret. Sys. v. Jones*, No. 2:20-cv-4813, 2021 U.S. Dist. LEXIS 219201, at *4 (S.D. Ohio Nov. 12, 2021) (Marbley, C.J.).

No controlling question is present. Decisions about *in limine* matters are discretionary. *Oster v. Huntington Bancshares Inc.*, No. 2:15-cv-2746, 2017 U.S. Dist. LEXIS 118997, at *8 (S.D. Ohio July 28, 2017) (Marbley, J.). The Sixth Circuit directs that "such discretionary decisions on the admissibility of evidence are not 'controlling' for purposes of § 1292(b)." *Rover Pipeline LLC v. 5.9754 Acres of Land*, No. 3:17CV225, 2019 U.S. Dist. LEXIS 56521, at *26 (N.D. Ohio Apr. 2, 2019)

(citing *In re City of Memphis*, 293 F.3d at 351). GSL fails to sustain its burden so its request for § 1292(b) certification is **DENIED**. (ECF No. 261.)

    **IT IS SO ORDERED**.

                                            <u>s/Sarah D. Morrison</u>
                                            **SARAH D. MORRISON**
                                            **UNITED STATES DISTRICT JUDGE**